Dear Senator Dirck:
This letter is in response to your questions asking as follows:
 "How are programs which were formerly administered by the department of transportation prior to January 1, 1980, to be funded upon the merger of the transportation department with the highway department on that date? Can constitutionally earmarked funds accruing to the new department of highways and transportation be utilized for the administration of these programs? What happens to the appropriations made to the department of transportation for these programs for the fiscal year ending July 1, 1980, when the department of transportation is absorbed by the new department on January 1, 1980?
Your question arises because of the adoption by the voters of the constitutional amendment which is technically known as Senate Substitute for House Committee Substitute for House Joint Resolutions Numbers 39, 40, 44 and 48, 80th General Assembly. The amendment expressly provides that it shall become effective January 1, 1980.
Such amendment by repeal abolished the former Department of Highways and the Department of Transportation and, essentially, merged them into a new Department of Highways and Transportation without the necessity of statutory implementation.
Section 29 of Article IV now provides:
 "The Department of Highways and Transportation shall be in charge of a highways and transportation commission. The number, qualifications, compensation and terms of the members of the Highways and Transportation Commission shall be fixed by law, and not more than one-half of its members shall be of the same political party. The selection and removal of all employees shall be without regard to political affiliation. The Highways and Transportation Commission shall have authority over all state transportation programs and facilities as provided by law, including, but not limited to, bridges, highways, aviation, railroads, mass transportation, ports, and waterborne commerce, and shall have authority to limit access to, from and across state highways where the public interest and safety may require. The present members of the Highway Commission shall serve as members of the Highways and Transportation Commission for the remainder of the terms for which they were appointed. All references to the Highway Commission and the Department of Highways in this constitution and in the statutes shall mean the Highways and Transportation Commission and the Department of Highways and Transportation."
Section 30(c) of Article IV provides:
 "The Highways and Transportation Commission shall have authority to locate, relocate, establish, acquire, construct, maintain, control, and as provided by law to operate, develop or fund public facilities as part of any state transportation program such as but not limited to aviation, mass transportation, railroads, ports, and waterborne commerce, provided that funds other than those designated for highway purposes in this constitution are made available for such purposes."
Section 33 of Article IV provides:
 "Any transfer of employees made pursuant to the provisions of this article shall not affect or abridge any rights or benefits accrued under any retirement system in which such employees are members on the effective date of this article, and the employees may continue coverage under such retirement system until otherwise provided by law."
It seems clear from the above that the Department of Transportation and the Commission of the Department of Transportation were abolished by this constitutional amendment and, therefore, the office of the Director of the Department of Transportation was abolished. However, the present members of the Highway Commission are to serve as members of the Highways and Transportation Commission for the remainder of their terms. All references to the Highway Commission and the Department of Highways in the constitution and in the statutes mean the Highways and Transportation Commission and the Department of Highways and Transportation. Although the amendment does not give us any direction with respect to employees of either department, except for the provision relating to retirement benefits, it seems that the new Commission of Highways and Transportation will have the authority to determine which employees of the prior departments will be employees of the new Department of Highways and Transportation, within the framework of applicable law.
With respect to your question concerning the use of existing appropriations for programs of the Department of Transportation, which are, as of January 1, 1980, under the Highways and Transportation Department, we note that the provisions we have quoted provide that the Highways and Transportation Commission shall have authority over all state transportation programs and facilities as provided by law, including, but not limited to, bridges, highways, aviation, railroads, mass transportation, ports, and waterborne commerce. We believe that it follows from this grant of authority that it was intended that the present program appropriations of the former Department of Transportation may be used by the new Commission to carry out such programs as are within the grant of authority to the Commission in accordance with the purpose of such appropriations.
With respect to your question concerning the use of constitutionally earmarked funds by the new Department of Highways and Transportation for the administration of Transportation programs, we note that Subsection 2, Section 30(b), Article IV, provides:
 "One-half of the proceeds from the state sales tax on all motor vehicles, trailers, motorcycles, mopeds and motortricycles shall be dedicated for highway and transportation use and shall be distributed as follows: ten percent to the counties, fifteen percent to the cities, one percent to the state transportation fund, which is hereby created to be used in a manner provided by law and seventy-four percent to the state road fund. The amounts distributed shall be allocated as provided in section 30(a) of this article, to be used for highway and transportation purposes."
We believe that the constitution is clear in its allocation of only one percent (1 %) to the transportation fund of the proceeds collected pursuant to Subsection 2, Section 30(b), Article IV, of the Constitution to be used in a manner provided by law. Clearly, funds which are earmarked for one purpose may not be used for any other purpose.
We are aware that the complexity of the new constitutional provisions may require a further response on our part to questions concerning the implementation of such provisions. In view of the time element presently involved, we have undertaken in this letter to be as concise and expeditious as possible, with a view to answering any further appropriate questions as may be necessary upon the receipt of such questions.
Very truly yours,
 JOHN ASHCROFT Attorney General